**Ralph THOMPSON and Paula Thompson, Appellants,**

v.

**CONTINENTAL AIRLINES, Appellee.**

No. 04–99–00249–CV.

Court of Appeals of Texas, San Antonio.

Jan. 31, 2000.

Jonathan C. Juhan, Grossman & Waldman, L.L.P., Beaumont, for appellant.

Ron A. Sprague, R. Matt Lair, Gendry & Sprague, P.C., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

## OPINION

KAREN ANGELINI, Justice.

### Factual and Procedural Background

While deplaning from a Continental Airlines flight, Ralph Thompson allegedly fell and was injured. On April 26, 1995, Thompson, and his wife, Paula Thompson, filed a petition under Chapter 13 of the United States Bankruptcy Code. In their petition they failed to list the potential cause of action they had against Continental. The following year, on April 17, 1996, the Thompsons brought a personal injury claim against Continental Airlines. The

cause was tried before a jury on October 7, 1997. The jury was unable to reach a verdict and the presiding judge declared a mistrial. Thereafter, Continental moved for summary judgment against the Thompsons. In doing so, Continental alleged it was entitled to summary judgment as a matter of law because the doctrine of judicial estoppel precluded the Thompsons from assuming a position in this lawsuit inconsistent with the position they took in the previous bankruptcy proceeding. The trial court agreed and Continental's motion was granted. The Thompsons appealed. We reverse and remand the judgment.

### Standard of Review

The underlying purpose of Texas's summary judgment rule is to eliminate unmeritorious claims. *See Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989). Accordingly, Texas Rule of Civil Procedure 166a(c) provides that where there is no genuine issue as to any material fact, the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). In a summary judgment proceeding, the burden is on the moving party. *See Roskey v. Texas Health Facilities Comm'n,* 639 S.W.2d 302, 303 (Tex.1982). To meet this burden, the movant must either disprove at least one element of the plaintiff's theory of recovery, or plead and conclusively establish each element of an affirmative defense. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979). Once the movant establishes its right to summary judgment, the burden then shifts to the nonmovant to present issues that preclude summary judgment. *See id.* at 678; *see also Garcia v. John Hancock Variable Life Ins. Co.,* 859 S.W.2d 427, 430 (Tex.App.-San Antonio 1993, writ denied).

We review a summary judgment de novo. *See Reyes v. Storage & Processors, Inc.,* 995 S.W.2d 722, 725 (Tex.App.-San Antonio 1999, pet. denied). In deciding

whether there was an alleged fact issue raised to preclude summary judgment, we take evidence favorable to the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in the nonmovant's favor. See *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

### Judicial Estoppel

In the Thompsons' sole issue, they assert the trial court erred in granting Continental's motion for summary judgment based on the doctrine of judicial estoppel.

 Judicial estoppel is a common law doctrine that applies when a party tries to contradict his or her own sworn statement made in a prior judicial proceeding. *See In Re Coastal Plains, Inc.,* 179 F.3d 197, 205 (5th Cir.1999); *Stewart v. Hardie,* 978 S.W.2d 203, 208 (Tex.App.-Fort Worth 1998, pet. denied).[1] "The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *United States v. McCaskey,* 9 F.3d 368, 378 (5th Cir.1993). The doctrine was designed to prevent "cold manipulation and not an unthinking or confused blunder" and is applied when a party uses intentional self contradiction as a means of obtaining an unfair advantage in a legal proceeding. *See In Re Coastal Plains,* 179 F.3d at 206; *Johnson Serv. Co. v. Transamerica Ins. Co.,* 485 F.2d 164, 175 (5th Cir.1973).

 The Fifth Circuit has recognized some limitations on the application of the doctrine. *See In Re Coastal Plains,* 179 F.3d at 206–207. It may be applied only when the position of the party to be es-

---

1. We will apply federal law to the issue of judicial estoppel in order to "promote the goal of uniformity and predictability in bankruptcy proceedings" and to "give the proper effect to the judgment of the bankruptcy

court." *See Stewart v. Hardie,* 978 S.W.2d 203, 208 n. 1 (Tex.App.-Fort Worth 1998, pet. denied); *Andrews v. Diamond, Rash, Leslie & Smith,* 959 S.W.2d 646, 649 n. 1 (Tex.App.-El Paso 1997, writ denied).

topped is clearly inconsistent with its previous one, the court must have accepted the prior position and the party must have acted intentionally, not inadvertently.[2] *See id.* (citing multiple cases where courts throughout the circuits impose such restrictions).

In considering judicial estoppel for bankruptcy cases, the debtor's failure to disclose is "inadvertent" only when the debtor lacks knowledge of the undisclosed claims or has no motive for their concealment. *See id.* at 210.

### *Inadvertency*

In its motion for summary judgment, Continental argues that as debtors in a bankruptcy action, the Thompsons had an "absolute duty to report whatever interests they hold in property." Continental additionally maintains that prior to filing for bankruptcy, the Thompsons were clearly aware of their potential cause of action against Continental, and that failing to include it in the bankruptcy petition prevents their attempt to pursue their personal injury cause of action.

However, in their response to Continental's motion for summary judgment, the Thompsons raised a fact issue as to whether the omission of their possible cause of action in their bankruptcy petition was intentional or simply a mistake. The Thompsons submit that their failure to disclose the potential cause of action resulted from their belief that the language "other contingent and unliquidated claims of every nature" included in the standard bankruptcy petition did not encompass lawsuits involving claims for injuries.

In reviewing the granting of a summary judgment, all evidence favorable to the non-movant should be taken as true, and every reasonable inference or doubt must be resolved in his or her favor. Viewed in this light, the Thompsons met their burden by raising the fact issue of whether their failure to disclose the cause of action was intentional and in bad faith. *See Dawson v. J.G. Wentworth & Co., Inc.*, 946 F.Supp. 394, 397 ( E.D.Pa.1996) (finding that although the debtor disclosed his claim in his amended bankruptcy schedules, the fact issue regarding his good or bad faith in not disclosing his claims in the original bankruptcy schedules precluded summary judgment based on judicial estoppel); *see also In re Okan's Foods, Inc.*, 217 B.R. 739, 755 (Bkrtcy.E.D.Penn.1998) (stating that a person's motivation or intent is generally considered to be a question of fact which is not subject to resolution on summary judgment); *Richardson v. Kraft–Holleb Food Service, Inc., a Div. of Philip Morris*, 774 F.Supp. 1108, 1111 (N.D.Illinois 1991), *aff'd*, 998 F.2d 1016 (7th Cir.1993) (stating that resolution by summary judgment is inappropriate when questions of motive and intent are in dispute).

### *Policy Behind Judicial Estoppel*

Although the Thompsons initially failed to include their personal injury cause of action in their bankruptcy petition, they amended their petition and thus cured any defect that might give rise to judicial estoppel. The parties stipulate that the Thompsons' bankruptcy cause was amended from a Chapter 13 to a Chapter 7 on January 22, 1999. The Chapter 7 petition includes the cause of action against Continental as an asset of the estate. Therefore this case does not present a situation where the results would be inconsistent

---

**2.** In Texas, judicial estoppel is a common law doctrine that applies when a party to a suit attempts to contradict his or her own sworn statement given in prior litigation. *See Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292, 295 (1956). The elements required for judicial estoppel are: 1) a sworn, inconsistent statement made in a prior judicial proceeding; 2) the party who made the statement successfully maintained the prior position; 3) the prior statement was not made inadvertently or by mistake, fraud, or duress; and 4) the statement was deliberate, clear, and unequivocal. *See Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848, 850 (Tex.1980); *Long*, 291 S.W.2d at 295; *In the Interest of M.M.O.*, 981 S.W.2d 72, 84 (Tex.App.-San Antonio 1998, reh'g overruled). Under either the federal or Texas standard for judicial estoppel, the outcome of this case would be the same.

with those reached in the bankruptcy proceeding. Accordingly, granting the motion for summary judgment would not promote the goal of the doctrine of judicial estoppel, namely to prevent a party from using self-contradiction to attain an unfair advantage. *See Ergo Science, Inc. v. Martin,* 73 F.3d 595, 598 (5th Cir.1996); *Andrews,* 959 S.W.2d at 649.

### Stewart v. Hardie

In making their argument that judicial estoppel is the proper means of disposing with the Thompsons' claim, Continental relies on the case of *Stewart v. Hardie,* professing the cases are "virtually identical." 978 S.W.2d 203 (Tex.App.-Fort Worth 1998, pet. denied).

In the *Stewart* case, Dr. Hardie admitted Mrs. Stewart to the hospital for surgery. *Id.* at 205. She suffered from post-operative bleeding, and eventually died. *Id.* She was survived by her husband Theodore Stewart and three children. *Id.* The debtor, Stewart, filed for bankruptcy on May 3, 1991 and on September 5 of that same year, the bankruptcy court discharged Stewart as a debtor. *Id.* at 206. On November 15, 1991, Stewart filed his original petition asserting survival and wrongful death actions on behalf of his deceased wife. *Id.* Hardie, the defendant, filed affirmative defenses to both actions claiming that Stewart was judicially estopped from asserting his wrongful death claim because he had failed to list it as an asset in his bankruptcy petition six months before. *Id.* The parties submitted an "agreed case" to the court. *Id.; see* TEX.R. CIV. P. 263. After considering the evidence, the trial court ruled that Stewart was barred from asserting his wrongful death claim on the basis of judicial estoppel. *Id.*

On appeal, the Texarkana appellate court held that Stewart was barred from bringing his wrongful death claim under the doctrine of judicial estoppel. *Id.* at 208. The court determined that Stewart was "playing fast and loose" with the courts by the timing of his filings and that it appeared he deliberately waited until after the bankruptcy proceeding was discharged to bring his claim. *Id.* at 208.

Despite the factual similarity of these two cases, Continental's reliance on this case is misplaced. Initially, Stewart's cause of action was disposed of as an agreed case. *See* TEX.R. CIV. P. 263 In reviewing an agreed case the only issue on appeal is whether the trial court correctly applied the law to the stipulated facts. *See id.* at 206; *State Farm Lloyds v. Kessler,* 932 S.W.2d 732, 735 (Tex.App.-Fort Worth 1996, writ. denied). In this case, the Thompsons' claim was eliminated on summary judgment grounds. The standard for reviewing summary judgment is not whether the trial judge correctly applied the law to the facts of the case, but whether there were no longer any issues of material fact remaining. In light of the different standards of review used, the *Stewart* case cannot be adequately analogized to this case.

Secondly, and more importantly, in *Stewart,* only after the debtor's bankruptcy was discharged did he file his wrongful death claim. The court found that by the timing of his filings, Stewart was "playing fast and loose" with the courts, stating "Stewart deliberately waited until his bankruptcy was over to file the wrongful death action." *Stewart,* 978 S.W.2d at 208. In this case, however, the Thompsons filed their personal injury claim against Continental during the pendency of their bankruptcy petition. Their actions indicate that they were not aware of the requirement that they include any legal claims as assets in their bankruptcy petition, and that they were not "playing fast and loose" with the courts. Continental incorrectly relied on the *Stewart* case in making their argument for summary judgment.

Accordingly, we reverse and remand the judgment.