NUMBER 13-00-736-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



RONALD
E. FRYER,                                                               Appellant,

 

                                                   v.

 

COINMACH
CORPORATION,                                                   Appellee.

 



 

                        On appeal from the 103rd District Court

                                 of Cameron
County, Texas.

 



 

                                   O P I N I O N

 

                    Before Justices Dorsey, Yañez, and Rodriguez

                                  Opinion by Justice Dorsey

 








This is the appeal of
a declaratory judgment construing the provisions of a lease that was entered
into between Ronald Fryer d/b/a El Santader
Apartments and Kwik-Wash, Inc. in June of 1979.  Coinmach, appellee, succeeded to all rights belonging to Kwik-Wash under the lease in 1997.  Under the lease, Coinmach
was to occupy the laundry room of El Santander
Apartments in Brownsville, Texas, and was given the exclusive right to provide
coin-operated laundry equipment in that space. 
The lease was for a ten-year term, and was renewable for another
ten-year term.

However, the lease
made no express provision for any renewals after the first one.  Prior to the completion of the first renewal
term of the lease, Fryer brought this action seeking judgment declaring that
the lease would terminate at the end of the renewal term.  Coinmach took the
position that the lease automatically renewed for another ten-year period upon
the termination of the first renewal term.[1]  Coinmach did not
vacate the premises at the end of the renewal term, but remained in possession
of the property throughout the trial of the declaratory judgment action.  The trial court ultimately held that the
lease did not automatically renew, but that Coinmach
was a holdover tenant and the lease extended until June of 2001.  The trial court also ordered each side to pay
its own attorney=s fees.








Fryer appeals the
trial court=s judgment, contending
the trial court erred in two basic respects. 
First, he contends that the trial court abused its discretion by
treating Coinmach as a holdover tenant and extending
the lease.  Fryer=s second major issue
on appeal is somewhat enmeshed with his first. 
His second issue is that because a stipulation was entered into between
the parties and entered by the trial court stating that attorney=s fees in the amount
of $6,000.00 would be awarded to the prevailing party, the trial court=s failure to award
attorneys fees to him was error.  He
contends that the trial court erred in failing to rule in a way that would make
him the Aprevailing party,@ and therefore, the
trial court erred in failing to award him attorney=s fees.  We disagree on both counts.

This case was
submitted to the trial court upon stipulated facts.  Accordingly, this Court reviews the trial
court=s order to determine
whether the trial court correctly applied the law to the stipulated facts.   See City of Harlingen v. Avila, 942
S.W.2d 49, 51 (Tex. App.CCorpus Christi 1997,
writ denied); accord Thompson v. Continental Airlines, 18 S.W.3d 701,
705 (Tex. App.CSan Antonio 2000, no
pet.); Port Arthur I.S.D. v. Port Arthur Teachers Ass'n,
990 S.W.2d 955, 957 (Tex. App.CBeaumont 1999, pet.
denied); Stewart v. Hardie, 978 S.W.2d 203,
206 (Tex. App.CFort Worth 1998, pet.
denied).

By his first issue,
Fryer contends that the stipulated evidence and the pleadings on file did not
authorize the trial court to enter a declaratory judgment holding that Coinmach was a holdover tenant for the period of time after
the expiration of the last valid lease term. 
We do not reach this issue because we find it has become moot due to the
conduct of the parties subsequent to the trial court=s rendition of
judgment.  The actions of the parties
have left no live controversy to be decided by this Court regarding this issue.








First, it is unclear
whether the trial court truly treated Coinmach as a
holdover tenant, or whether it extended the lease for some other reason.  In its declaratory judgment, the court held
that the lease agreement extended for an additional one year period Aas a result of Coinmach=s holdover of the
premises@ and would, thus,
expire on AJune 1, 2001,@ unless the parties
extended it further.  However, the first
renewal term of the lease ended on June 1, 1999.  Under the rationale that Coinmach
was holding over for one year, the proper date for termination would be June 1,
2000, not June 1, 2001, as recited by the trial court in its
judgment.  Thus, it is unclear precisely
upon what basis the trial court extended the lease.








The question of
whether the trial court erred in extending the lease until 2001 has been mooted
because no controversy presently remains before this Court regarding this
issue.  Fryer brought suit seeking
declaratory judgment.  After the court
entered judgment declaring that the original lease did not automatically extend
on June 1, 1999, Coinmach vacated the property.  Neither party disputes that Coinmach relinquished possession of the property in
accordance with Fryer=s requests to
relinquish, and with the Court=s order.  Neither party disputes that Fryer received
rent for all periods that Coinmach was in possession
of the property.  Fryer did not request
the trial court award anything other than a declaratory judgment declaring the
rights to the property due the two parties under the lease.  The parties have complied with the trial
court=s order in that
regard, and have taken appropriate steps to affect its mandate.  Because there would be nothing to retry if we
were to reverse this matter and remand for new trial, we hold this issue has
become moot. See City of West Univ. Place v. Martin, 123 S.W.2d 638, 639
(1939); Tex. Parks & Wildlife Dept. v. Tex. Assoc. of Bass Clubs,
622 S.W.2d 594 (Tex. App.CAustin 1981, writ ref=d n.r.e.).  AIt is axiomatic that
appellate courts do not decide cases in which no controversy exists between the
parties.@  Camarena
v. Tex. Emp.  Comm=n, 754 S.W.2d 149, 151
(Tex. 1988).  AGenerally, a case is
determined to be moot when the issues presented are no longer live or the
parties lack a legally cognizable interest in the outcome.@  Id. (internal citations and quotations
omitted) (quoting Murphy v. Hunt, 455 U.S. 478 (1982)).   Accordingly, we overrule Fryer=s first issue on
appeal.

Fryer=s second issue is
likewise easily resolved.  Fryer contends
that the trial court lacked discretion to refuse to award attorney=s fees to the Aprevailing party@ at the trial
court.  We disagree. 

The parties submitted
a stipulation of evidence to the trial court when this case was called to
trial.  In that stipulation, the parties Astipulated@ that Athe prevailing party
shall be entitled to attorney=s fees assuming the
court find[s] the necessity for such an award.@  They
further stipulated, at a later time, the precise amounts that would represent Areasonable attorney=s fees@ for the trial and
subsequent appeal of

this case.  Fryer argues that these stipulations required
the trial court to award attorney=s fees to him.  We disagree.








First, the parties had
no power to stipulate to the way the court should apply the law.  In declaratory judgment actions, award of
attorney=s fees is permissive;
it is not mandatory.  See Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon
1997).  In this case, where there was no
award of money damages, and there was no apparent prevailing party, it was well
within the discretion of the trial judge to refuse any award of attorney=s fees.  See also Mendleski
v. Silvertooth, 798 S.W.2d 30, 32 (Tex. App.CCorpus Christi 1990,
no writ.) (holding that in declaratory judgment action based on construction of
a contract where there is no apparent prevailing party, the trial court has
discretion to refuse any award of attorney=s fees).  Because we find no error in the trial court=s refusal to award
attorney=s fees to either
party, we overrule appellant=s second group of
issues.

Having overruled all
issues presented by appellant, we AFFIRM the judgment of the trial court in all
respects.

 

 

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this
13th day of June, 2002.











[1]That term ended in
June of 1999.