Reversed and Remanded in Part, and Reversed, Rendered and Dismissed in
Part, and Memorandum Opinion filed June 16, 2009








 

Reversed
and Remanded in Part, and Reversed, Rendered and Dismissed in Part, and
Memorandum Opinion filed June 16, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00160-CV

____________

 

REGINALD BAILEY, AS ADMINISTRATOR
OF THE ESTATE OF SHERYL ENGLISH, AND JOSEPH M. HILL, AS TRUSTEE OF THE
BANKRUPTCY ESTATE OF SHERYL ENGLISH, Appellants

 

V.

 

BARNHART INTEREST, INC., L. IRVIN
BARNHART, AND PAUL F. BARNHART, JR., Appellees

 



 

On Appeal from the 295th
District Court

Harris County, Texas

Trial Court Cause No. 2003-27569

 



 

O P I N I O N

Reginald
Bailey, as administrator of the estate of Sheryl English, and Joseph M. Hill,
as trustee of English=s bankruptcy estate, appeal from the trial court=s grant of summary judgment in favor
of appellees Barnhart Interests, Inc., L. Irvin Barnhart, and Paul F. Barnhart,
Jr. (collectively, Athe Barnharts@).  We reverse and remand as to the trustee.  We reverse,
render, and dismiss as to the administrator.








Background

English
sued the Barnharts in state district court on May 23, 2003, alleging that she
sustained personal injuries attributable to mold exposure while working in a
building managed by the Barnharts.

English
filed for Chapter 7 bankruptcy on November 15, 2004.  She filed her bankruptcy
schedules and statement of financial affairs on the same day.  English failed
to list her pending state court suit against the Barnharts in these filings as
an asset of the bankruptcy estate.  English died on January 12, 2005, while her
suit against the Barnharts and her bankruptcy were pending.

English=s attorney filed an emergency motion
in the bankruptcy court on January 24, 2005, and requested permission to allow
English=s brother, Reginald Bailey, to
testify on English=s behalf at her section 341 creditors= meeting.  See 11 U.S.C.A. ' 341 (West 2004).[1] 
English=s attorney asserted in this filing
that Bailey assisted English in the preparation of her schedules and
statements, and was familiar with her financial affairs.  The bankruptcy court
granted the motion on January 25, 2005.  The appellate record does not reflect
whether Bailey appeared at the creditors= meeting or disclosed any assets.  








Chapter
7 trustee Joseph M. Hill filed a no-asset report on February 2, 2005, and the
estate was closed.  Upon learning of English=s state court suit against the
Barnharts from the attorney handling that suit, Hill filed a motion on February
22, 2005 to withdraw his no-asset report and to reopen the bankruptcy estate.
The bankruptcy court signed an order granting Hill=s motion and ordered the case
reopened on February 23, 2005.  The appellate record does not reflect whether
English=s bankruptcy schedules and statements
were amended to identify the state court suit against the Barnharts as an asset
of the bankruptcy estate.  On March 21, 2006, the bankruptcy court granted Hill=s motion authorizing the employment
of an attorney to represent him as trustee and to prosecute the suit against
the Barnharts. 

Bailey
was added as a plaintiff in a supplemental state court petition that was filed
on June 16, 2006.  The Barnharts filed a motion for partial summary judgment
under Rule 166a(c) on August 11, 2006, contending that judicial estoppel bars
Bailey, as administrator of English=s estate, from pursuing English=s personal injury claims against the
Barnharts due to English=s failure to list the suit in her bankruptcy filings.  Hill
was added as a plaintiff in another supplemental petition filed on October 24,
2006.  The Barnharts filed a supplemental motion for summary judgment on
December 18, 2006, contending that judicial estoppel also extends to Hill, as
Chapter 7 trustee, and forecloses his pursuit of English=s personal injury claims based upon
English=s omission.

In their
summary judgment response, Bailey and Hill argued that the creation of a
bankruptcy estate extinguishes the debtor=s property rights such that the
bankruptcy trustee is the real party in interest with exclusive standing to
assert the estate=s property rights.  Bailey and Hill also argued that judicial
estoppel does not bar a bankruptcy trustee from pursuing claims the debtor
failed to disclose.

On
December 29, 2006, Bailey and Hill filed a supplemental response to the
Barnharts= summary judgment motion on judicial estoppel.  A fourth supplemental
petition was filed on January 11, 2007, adding a wrongful death claim.  The
Barnharts filed a reply to appellants= response to the Barnharts= summary judgment motion based on
judicial estoppel on February 2, 2007.








The
trial court signed an amended order granting the Barnharts= summary judgment motion on judicial
estoppel on February 14, 2007.[2]  Appellants
filed a motion for new trial on March 15, 2007.  The trial court signed an
order denying the motion for new trial on April 23, 2007.  Appellants timely
filed their notice of appeal on February 20, 2008.[3]

Standard
of Review 

We
review the trial court=s grant of summary judgment de novo. Joe v. Two
Thirty Nine Joint Venture, 145 S.W.3d 150, 156 (Tex. 2004).  A traditional
summary judgment may be granted if the motion and summary judgment evidence
establish there is no genuine issue of material fact and the moving party is
entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  Summary
judgment for a defendant is proper when the defendant negates at least one
element of each of the plaintiff=s theories of recovery, or pleads and
conclusively establishes each element of an affirmative defense.  Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  In reviewing
a summary judgment, we take as true all evidence favorable to the nonmovant;
indulge every reasonable inference in the nonmovant=s favor; and resolve any doubts in
the nonmovant=s favor.  Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006) (per
curiam).

Analysis

Bailey
and Hill argue on appeal that the trial court erred in granting summary
judgment because judicial estoppel does not foreclose Hill, as the bankruptcy
trustee, or Bailey, as the administrator of English=s estate, from pursuing claims
English failed to disclose in her bankruptcy filings.  In addressing these
arguments it is helpful to begin with an overview of the Chapter 7 trustee=s role and the standards governing judicial
estoppel in the bankruptcy context.








A.        Chapter 7 Trustee=s Role

A
trustee serves as the representative of the bankruptcy estate.  Kane v. Nat=l Union Fire Ins. Co., 535 F.3d 380, 385 (5th Cir. 2008)
(per curiam) (citing 11 U.S.C. '' 323, 541(a)(1) (2005)).  Once the
bankruptcy petition has been filed, the trustee is the real party in interest
and the only party with standing to prosecute causes of action belonging to the
estate.  Id.  

A>Once an asset becomes part of the
bankruptcy estate, all rights held by the debtor in the asset are extinguished
unless the asset is abandoned= by the trustee to the debtor pursuant to ' 554.@  Id. (quoting Parker v.
Wendy=s Int=l, Inc., 365 F.3d 1268, 1272 (11th Cir.
2004), and citing 11 U.S.C. ' 554 (2005)).  AIn a Chapter 7 case, >[a]t the close of the bankruptcy
case, property of the estate that is not abandoned under ' 554 and that is not administered in
the bankruptcy proceedings= C including property that was never scheduled C >remains the property of the estate.=@  Id. (quoting Parker,
365 F.3d at 1272, and citing 11 U.S.C. ' 554(d)).  However, the trustee is
divested of control of the property upon abandonment because it is no longer
part of the estate.  Id.  Property abandoned under section 554 reverts
to the debtor, and the debtor=s rights to the property are treated as if no bankruptcy
petition had been filed.  Id. (citing 11 U.S.C. ' 554).   

Debtors
in a bankruptcy action owe a continuing duty to disclose all pending and
potential claims.  Id. at 384-85 (citing 11 U.S.C. ' 521(1) (2005)); Ferguson v. Bldg.
Materials Corp., 276 S.W.3d 45, 49 (Tex. App.CEl Paso 2008, pet. filed) (citing
11 U.S.C. ' 521(a)(1)); Horsley-Layman v. Adventist Health Sys./Sunbelt, Inc.,
221 S.W.3d 802, 806 (Tex. App.CFort Worth 2007, pet. denied) (citing 11 U.S.C.A. ' 521(a)(1) (West Supp. 2006)).  If a
debtor fails to schedule an asset and the trustee later discovers the omission,
the trustee may reopen the bankruptcy case to administer the asset on behalf of
the creditors.  Kane, 535 F.3d at 385 (citing 11 U.S.C. ' 350(b) (2005)).  Hill followed this
procedure here.








B.        Judicial Estoppel

Because
the Barnharts invoked judicial estoppel in the bankruptcy context, we apply
federal law to determine whether the doctrine applies here.  See Stephenson
v. LeBoeuf, 16 S.W.3d 829, 841-42 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied); see also In re Coastal Plains, Inc., 179 F.3d 197, 205
(5th Cir. 1999); Ferguson, 276 S.W.3d at 49; Cricket Commc=ns, Inc. v. Trillium Indus., Inc., 235 S.W.3d 298, 304
(Tex. App.CDallas 2007, no pet.).

Application
of judicial estoppel is governed by regional circuit law.  Minn. Mining
& Mfg. Co. v. Chemque, Inc., 303 F.3d 1294, 1303-04 (Fed. Cir. 2002)
(applying Fifth Circuit judicial estoppel test as set out in In re Coastal
Plains, 179 F.3d at 206); Ferguson, 276 S.W.3d at 49.  This court
has applied Fifth Circuit law with regard to the elements of judicial estoppel
and the proof required to establish the doctrine in the bankruptcy context.  Stephenson,
16 S.W.3d at 841-42.[4]

Judicial
estoppel applies when a party attempts to assert a claim that is inconsistent
with a claim asserted in a prior proceeding.  Kane, 535 F.3d at 385;
In re Coastal Plains, 179 F.3d at 205.  Judicial estoppel
protects the integrity of the judicial process by preventing a party from Aplaying fast and loose@ with courts to suit the party=s own purposes.  Kane, 535
F.3d at 385; In re Coastal Plains, 179 F.3d at 205.   AAs an equitable doctrine, >[g]enerally, judicial estoppel is
invoked where intentional self‑contradiction is being used as a means of
obtaining unfair advantage in a forum provided for suitors seeking justice.=@  Kane, 535 F.3d at 385 (quoting
In re Superior Crewboats, Inc., 374 F.3d 330, 333-34 (5th Cir.
2004), and Scarano v. Cent. R.R. Co., 203 F.2d 510, 513 (3d Cir. 1953)).








The
Fifth Circuit has recognized three elements that must be satisfied to apply
judicial estoppel.  A party is judicially estopped when (1) its position is
clearly inconsistent with a previous one; (2) the court accepted the previous
position; and (3) the non‑disclosure was not inadvertent.  Id. at
385-86.  Judicial acceptance Ameans only that the first court has adopted the position
urged by the party, either as a preliminary matter or as part of a final
disposition.@  In re Coastal Plains, 179 F.3d at 206.  A previous inconsistent
position is inadvertent when the debtor lacks knowledge of the inconsistent
position or has no motive for the inconsistency.  Id. at 210.

C.        Application of Judicial
Estoppel to the Chapter 7 Bankruptcy Trustee

Summary
judgment briefing in the trial court initially focused on whether Sheryl
English=s failure to list her suit against
the Barnharts as an asset of the bankruptcy estate gave rise to judicial
estoppel.  The focus subsequently shifted to whether English=s conduct created a judicial estoppel
defense as to Hill, the bankruptcy trustee.  The Barnharts argued as follows in
the trial court: ABecause Joseph M. Hill, as the Trustee of the Bankruptcy
Estate of Sheryl English >steps into the shoes= of Sheryl English, he is therefore
subject to the same defenses as Mrs. English and has no greater rights than
Mrs. English had.@  The Barnharts continued, AAccordingly, if Mrs English=s claims are barred as to Mrs. English,
they are barred as to the Bankruptcy Trustee as well.@

The
trustee=s susceptibility to a judicial
estoppel defense based on English=s conduct must be analyzed even if it
is assumed for argument=s sake that her conduct satisfies the elements of judicial
estoppel.  The Barnharts relied heavily in the trial court on In re Superior
Crewboats, Inc., 374 F.3d 330, 333-34 (5th Cir. 2004), to support the
application of a judicial estoppel defense to the trustee based on English=s conduct.








In re
Superior Crewboats
addressed whether debtors could pursue claims for their own benefit that (1)
were not disclosed on the debtors= bankruptcy schedules; and (2) had
been abandoned by the bankruptcy trustee.  Id.  The Fifth Circuit concluded
that judicial estoppel barred the debtors= pursuit of these claims as a matter
of law, and that the trustee=s motion to substitute as plaintiff for the debtors became
moot once judicial estoppel had been applied to the debtors.  Id. at
336.

Based on
In re Superior Crewboats, the Barnharts argued as follows to the trial
court:  A[D]espite Plaintiff=s attempt to distinguish between the
Trustee=s claim and the probate estate=s claim, the doctrine of judicial
estoppel as interpreted by the Fifth Circuit should bar the entire underlying
lawsuit.@  The Barnharts continued, APlaintiff fails to identify any Fifth
Circuit case in which the Trustee=s claims have been preserved, despite
the debtor=s misrepresentations.@  They added, A[T]he most recent case, Superior
Crewboats, holds the opposite is true.@  In granting the Barnharts= motion for summary judgment, the
trial court stated as follows: AThe Fifth Circuit law is controlling on this point and this
court feels the duty to follow that law.@

Seventeen
months after the trial court signed its summary judgment order, the Fifth
Circuit addressed In re Superior Crewboats again and narrowed the
opinion=s reach.  See Kane, 535 F.3d
at 386-88.

In Kane,
Qwest Communications employee Daniel Comstock was involved in a car accident
with Stuart Kane.  Id. at 383.  Kane and his wife filed a state court
suit in 2002 seeking damages from Quest and Comstock in connection with the
accident.  Id.  In 2005, while their suit still was pending in state
court, the Kanes filed a Chapter 7 bankruptcy.  Id.  They failed to list
the personal injury suit against Qwest and Comstock on the relevant bankruptcy
schedules, and failed to inform the bankruptcy trustee of this claim during the
pendency of their bankruptcy proceedings.  Id.  The bankruptcy resulted
in a no‑asset discharge in March 2006.  Id.








Four
months after the discharge, Qwest and Comstock filed a motion for summary
judgment in state court arguing that the Kanes should be judicially estopped to
pursue their suit due to their failure to list it as an asset in their
bankruptcy proceedings.  Id.  The Kanes subsequently filed a motion in
bankruptcy court to reopen proceedings and allow the trustee to administer the
previously undisclosed lawsuit, along with certain undisclosed debts, on behalf
of the estate and the creditors.  Id.  The bankruptcy court granted the
Kanes= motion to reopen in September 2006. 
Id.

Qwest
and Comstock removed the car accident case to federal court in October 2006.  Id. 
The defendants again moved for summary judgment in November 2006 based on
judicial estoppel under In re Superior Crewboats.  Id.  In
January 2007, the trustee moved to substitute himself for the Kanes as the real
party in interest in the lawsuit.  Id. at 383-84.  The district court
granted Qwest=s and Comstock=s motion for summary judgment in May 2007 based on In re
Superior Crewboats.  The federal district court applied judicial estoppel
to bar the Kanes from pursuing their claims against Qwest and Comstock, and
dismissed as moot the trustee=s motion to be substituted as the real party in interest.  Id.


The
Fifth Circuit reversed the district court=s grant of summary judgment and
remanded in Kane, stating that Athe district court asked too much of
our decision in In re Superior Crewboats, Inc.@  Id. at 384.

AIn In re Superior Crewboats, Inc., we were asked only
to consider whether debtors could pursue claims for their own benefit that they
failed to disclose in their bankruptcy schedules.@  Id. at 386 (citing In re
Superior Crewboats, 374 F.3d at 333). A[B]ecause the trustee had abandoned
the claim, he was not the real party in interest and was not entitled to be
substituted as such.@  Id. at 386.  ARather, following the trustee=s abandonment, the interest in the
claim had reverted to the debtors, who then stood to collect a windfall from
their failure to schedule the asset at the expense of their creditors.@  Id. at 386-87.








The
Fifth Circuit distinguished the Kanes= circumstances from those at issue in
In re Superior Crewboats.  AIn the case before us, the Kanes= personal injury claim became an
asset of their bankruptcy estate when they filed their Chapter 7 petition.@  Id. at 387.  AThe Trustee became the real party in
interest in the Kanes= lawsuit at that point and never abandoned his interest
therein.@  Id.  The Fifth Circuit then
limited In re Superior Crewboats as follows:

Thus,
unlike in In re Superior Crewboats, Inc. C where the debtors stood to benefit directly from pursuing their claim
at the expense of their creditors, and the district court=s dismissal of the claim against the debtors mooted
the trustee=s motion to substitute as a matter of law C here, the Trustee is the real party in interest and
has reopened the Kanes= Chapter 7 bankruptcy to pursue the Kanes= claim for the benefit of the estate=s creditors.

 

Id.  Accordingly, the Fifth Circuit
held that In re Superior Crewboats did not require application of
judicial estoppel to foreclose the trustee=s pursuit of personal injury claims
the debtors failed to list in their bankruptcy filings.  Id.

The
Fifth Circuit=s analysis in Kane applies with equal force here.  Once English
filed her bankruptcy petition, English=s suit against the Barnharts became
an asset of the bankruptcy estate.  See id. at 385.  Hill, as the
representative of the bankruptcy estate, became the real party in interest and
was the only party with standing to prosecute English=s claim.  See id.  All rights
held by English in the asset were extinguished unless abandoned by Hill.  See
id.  The Barnharts acknowledge that Hill never abandoned English=s claims against them; to the
contrary, Hill reopened the bankruptcy to pursue English=s claims for the benefit of the
bankruptcy estate=s creditors.  See id.

It
follows that English=s probate estate does not stand to benefit directly at the
expense of the creditors from the trustee=s pursuit of English=s claims against the Barnharts.  See
id. at 387.  English=s probate estate stands to benefit only to the extent there
is a surplus after all debts and fees have been paid.  See id.  English=s Acreditors would be harmed . . . if
judicial estoppel were applied to bar the Trustee from pursuing the claim[s]@ against the Barnharts on the
bankruptcy estate=s behalf.  See id. at 387.  Therefore, the bankruptcy
trustee can pursue English=s claims against the Barnharts on behalf of English=s creditors even if English would
have been judicially estopped to pursue them herself.  See id.








In
response to Kane, the Barnharts contend that judicial estoppel properly
may be applied to the trustee here based on Athe conduct of the Trustee in failing
to take any action to prosecute English=s claim on behalf of the creditors
for 18 months, until after the Barnharts raised judicial estoppel . . . .@  We decline to address this
contention for the first time on appeal.  The Barnharts did not predicate their
summary judgment on any delay or conduct by the trustee independent of English=s conduct.  In the trial court, the
Barnharts argued only that judicial estoppel applied to the trustee because (1)
English herself was estopped based on her own conduct; and (2) the trustee Asteps into the shoes@ of English.

With the
benefit of additional Fifth Circuit guidance in Kane, we hold that
summary judgment was not warranted on the basis of judicial estoppel with
respect to Hill as the bankruptcy trustee.  We sustain the appellants= first issue in that regard.

D.        Administrator=s Standing to Pursue Undisclosed
Claims

Kane states that A>[o]nce an asset becomes part of the
bankruptcy estate, all rights held by the debtor in the asset are extinguished
unless the asset is abandoned= by the trustee to the debtor.@ Id. at 385 (quoting Parker,
365 F.3d at 1272).  The trustee is the only party with standing to prosecute a
claim belonging to the bankruptcy estate.  Id.  As noted above, Hill did
not abandon English=s claim against the Barnharts.  Thus, the claim never
reverted back to the debtor or her probate estate; it remained in the
bankruptcy estate for the bankruptcy trustee to pursue.  Therefore, Bailey, as
English=s probate estate administrator, had
no standing to pursue English=s claim against the Barnharts because all rights held by
English were extinguished and vested in the bankruptcy estate at the time the
bankruptcy petition was filed.  See id.  








Standing
focuses on the question of who is the correct party to bring a lawsuit.  Patterson
v. Planned Parenthood, 971 S.W.2d 439, 442 (Tex. 1998).  Standing is a
prerequisite to subject matter jurisdiction, and a trial court must have
subject matter jurisdiction to decide a case.  Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 553‑54 (Tex. 2000).  A court has no subject
matter jurisdiction over a claim pursued by a plaintiff who lacks standing to
assert it.  DaimlerChrysler Corp. v. Inman, 252 S.W.3d 299, 304 (Tex.
2008).  Subject matter jurisdiction cannot be waived and may be raised for the
first time on appeal by the parties or by the court.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993). 

We
conclude that the trial court lacked subject matter jurisdiction over claims
asserted by Bailey against the Barnharts due to Bailey=s lack of standing.  The proper
procedure is to dismiss Bailey as a plaintiff for lack of subject matter
jurisdiction.  See DaimlerChrysler Corp., 252 S.W.3d at 304; A &
B Bolt & Supply, Inc. v. Nat=l Oil Well Varco, L.P., No. 01-07-01069-CV, 2008 WL 340511,
at *2-*3 (Tex. App.CHouston [1st Dist.] Feb. 7, 2008, no pet.) (mem. op.) (citing
Tex. Ass=n of Bus., 852 S.W.2d at 445).[5]

Conclusion

We
reverse the summary judgment granted in favor of the Barnharts on judicial
estoppel grounds with respect to Hill, as trustee of English=s bankruptcy estate, and remand to
the trial court for further proceedings consistent with this opinion.








We reverse the summary judgment granted in favor of
the Barnharts on judicial estoppel grounds with respect to Bailey, as
administrator of English=s probate estate, and render judgment dismissing
Bailey as a plaintiff from this lawsuit for lack of standing.  See  DaimlerChrysler Corp., 252 S.W.3d at 307-08; Tex. A & M Univ. Sys. v.
Koseoglu, 233
S.W.3d 835, 845-46 (Tex. 2007); A
& B Bolt & Supply, Inc., 2008
WL 340511, at *2-*3.

 

 

 

/s/      William J. Boyce

Justice

 

 

 

 

 

Panel consists of
Justices Anderson, Guzman, and Boyce.

 

 









[1]  The section 341 meeting provides an opportunity for
creditors to question the debtor about debts and claimed exemptions.  In re
Clark, 262 B.R. 508, 516 (9th Cir. B.A.P. 2001).  When more information
must be gathered, the meeting can be adjourned to a definite time; there is no
limit on the number of adjournments.  Id.





[2]  The first order granting summary judgment on
judicial estoppel was signed on February 5, 2007.  It addressed only
administrator Bailey.  The second summary judgment order signed on February 14,
2007 addressed both Bailey and trustee Hill.





[3]  Linda Neils and Carla Silvani also asserted claims
against the Barnharts in this suit based on personal injuries they attributed
to mold exposure in the same building.  The trial court signed an agreed order
of dismissal with prejudice submitted by Carla Silvani on September 11, 2007. 
The trial court signed another agreed order of dismissal with prejudice
submitted by Linda Neils on January 30, 2008.  These dismissals made the trial
court=s February 14, 2007 summary judgment order against
Bailey and Hill final and appealable as of January 30, 2008.  See Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Bailey and Hill filed their
notice of appeal 21 days after the date on which the summary judgment order
became final and appealable.  See Tex. R. App. P. 26.1.





[4]  See also Ferguson, 276 S.W.3d at
49-52; Jackson v. Hancock & Canada, L.L.P., 245 S.W.3d 51, 55-57
(Tex. App.CAmarillo 2007, pet. denied); Horsley-Layman,
221 S.W.3d at 806-08; Brown v. Swett & Crawford of Tex., Inc., 178
S.W.3d 373, 380-81 (Tex. App.CHouston [1st
Dist.] 2005, no pet.); Cleaver v. Cleaver, 140 S.W.3d 771, 774-75 (Tex.
App.CTyler 2004, no pet.); Dallas Sales Co. v. Carlisle
Silver Co., 134 S.W.3d 928, 931-33 (Tex. App.CWaco 2004, pet. denied); Thompson v. Cont=l Airlines,
18 S.W.3d 701,703-05 (Tex. App.CSan Antonio
2000, no pet.). 





[5]  Appellants raise an additional argument on appeal
contending that the trial court erroneously granted the Barnharts= separate summary judgment motion based on res
judicata.  The appellate record contains a signed order specifying that the
trial court granted summary judgment on judicial estoppel grounds.  Although
the Barnharts filed a separate summary judgment motion predicated on res
judicata and collateral estoppel, the appellate record contains no order or
indication that the trial court ruled on this separate summary judgment
motion.  Therefore, we do not address the alternative summary judgment grounds
of res judicata and collateral estoppel.  See Brockert v. Wyeth Pharms.,
Inc., No. 14-07-00445-CV, 2009 WL 997438, at *7 n.4 (Tex. App.CHouston [14th Dist.] Apr. 14, 2009, no pet.).  We also
do not address the Barnharts= alternative
request on appeal to (1) limit any recovery on English=s claims to the amount owed to English=s creditors; and (2) bar recovery by English=s estate, beneficiaries, or heirs of any sum exceeding
that amount.  This contention should be addressed by the trial court, if
necessary, in the first instance.