

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00085-CV

**DEBRA BAXTER,**

                                                       **Appellant**

 **v.**

**ERASMO CONTRERAS,**

                                                       **Appellee**

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 02-002361-CV-361

## MEMORANDUM OPINION

Debra Baxter appeals from an order denying her application for an injunction that sought to prevent the sale of certain real property through a writ of execution to collect a money judgment she owed to Erasmo Contreras. Baxter complains that the trial court erred by determining that she was judicially estopped from claiming certain property to be her homestead due to contrary filings in a bankruptcy proceeding. Because we find that the trial court did not abuse its discretion, we affirm the judgment of the trial court.

*Procedural History*

In 2007, Erasmo Contreras was awarded a money judgment against Baxter. Sometime in the spring or early summer of 2010, Contreras sought his first writ of execution to attempt to collect the judgment. Baxter filed for recording a homestead designation in the deed records in Brazos County in June of 2010, claiming that 1800 W. 28th Street in Bryan, Texas was her homestead. At that same time, Baxter also was the owner of several adjacent lots on Marshall Avenue in Bryan. Baxter filed a Chapter 13 bankruptcy to prevent the scheduled sheriff's sale on the Marshall Avenue property. In that proceeding, Baxter claimed that the 28th Street address was her homestead in her bankruptcy petition, schedules, and in each of the two plans that were filed with the bankruptcy court.

In January of 2011, Baxter filed a Voluntary Designation of Homestead for recording declaring the Marshall Avenue property to be her homestead in accordance with Texas Property Code Section 41.005. *See* TEX. PROP. CODE ANN. § 41.005 (West 2000). No revocation of the prior designation for the 28th Street property from June of 2010 was recorded. After the date of the January designation, Baxter filed a plan with the bankruptcy court that designated the 28th Street property to be her homestead. Baxter's plan was amended in March of 2011 but still claimed that her homestead was the 28th Street property. The plans filed with the bankruptcy court provided for the payment of arrearages and unpaid property taxes on the property described as her homestead on 28th Street. That amended plan was confirmed by the bankruptcy court in April of 2011, but her bankruptcy was later dismissed.

After Baxter's bankruptcy was dismissed, Contreras sought a second writ of execution on the Marshall Avenue property, which was set for a sheriff's sale in December of 2011. Baxter filed an application for a temporary restraining order and injunction to prevent the sheriff's sale.

After a hearing, the trial court denied Baxter's request and determined that Baxter was judicially estopped from claiming the Marshall property as her homestead due to her filings in the bankruptcy court.

### *Judicial Estoppel*

Because Contreras alleges that Baxter previously took an inconsistent position in a bankruptcy filing, we will apply the federal law of judicial estoppel to promote the goal of uniformity and predictability in the prior proceedings. *See Dallas Sales Co. v. Carlisle Silver Co.*, 134 S.W.3d 928, 931 (Tex. App.—Waco 2004, pet. denied). Under federal law, a party which has assumed one position in its pleadings may be estopped from asserting a contrary position in a subsequent proceeding if: (1) "the position of the party to be estopped is clearly inconsistent with its previous one;" (2) that party convinced the court in the previous proceeding to accept its position; and (3) that party asserted the prior position intentionally rather than inadvertently. *See In re Coastal Plains, Inc.*, 179 F.3d 197, 206-07 (5th Cir. 1999); *see also Dallas Sales Co.*, 134 S.W.3d at 931.

Baxter contends that she did not take an inconsistent position in the bankruptcy court; however, the trial court's findings of fact included a finding that Baxter's amended plan that was filed with the bankruptcy court constituted a representation by her that the 28th Street property was her homestead. This position is clearly inconsistent with the premise of the designation of her homestead on the Marshall Avenue property two months prior.

Baxter further contends that because her bankruptcy was dismissed that the bankruptcy court did not accept her position; however, the amended plan filed with the bankruptcy court was in fact, confirmed by that court. Confirmation of her plan and its terms was an acceptance of her position.

Baxter lastly contends that her bankruptcy was ultimately dismissed because she did not agree with the terms of her bankruptcy plan which proposed to surrender the Marshall Avenue property if she was unable to make a lump sum payment in July of 2011, and when she refused the case was dismissed. However, Baxter does not explain or contend that there was any evidence that the bankruptcy court was ever informed that her homestead had allegedly changed either by filing amended schedules or altering her plan or that the failure to do so was inadvertent.

We find that the trial court did not abuse its discretion in determining that Baxter was judicially estopped from claiming the Marshall Avenue property as her homestead in the designation of homestead that was filed in January of 2011. We overrule Baxter's sole issue.

*Conclusion*

Having found that the trial court did not abuse its discretion, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed May 30, 2013
[CV06]