Gilbert E. ANDREWS, Appellant,

v.

DIAMOND, RASH, LESLIE & SMITH, A Partnership, Diamond, Rash, Gordon & Jackson, P.C., Successor in Interest to Diamond, Rash, Leslie & Smith, and Alan V. Rash, Appellees.

No. 08–96–00146–CV.

Court of Appeals of Texas, El Paso.

Feb. 6, 1997.

Rehearing Overruled March 12, 1997.

---

Jeffrey B. Thompson, Austin, for appellant.

William D. Cobb, Jr., Charles T. Frazier, Cowles & Thompson, P.C., Dallas, for appellees.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## OPINION

LARSEN, Justice.

In this appeal, we determine whether plaintiff's failure to specifically disclose a claim for legal malpractice against defendant lawyers in his bankruptcy pleadings prevents him from pursuing this lawsuit. We hold that under these facts, it does not. We also hold that plaintiff was entitled to the tolling of limitations provided by the bankruptcy code, and that his theory of successor liability against defendant professional corporation was not addressed by the summary judgment motion. We reverse the summary judgment and remand to the trial court for further proceedings.

### FACTS

Gilbert Andrews leased real property and improvements from the Public Service Board of El Paso. In 1988, when Andrews entered the lease, the property had access to rail lines via an existing rail spur. In late 1988, however, the rail spur was disconnected from the main railway. Without the rail siding, Andrews' use for the property and its value to him were diminished. The 1988 lease had been negotiated and drafted by Alan Rash, a member of the El Paso law firm of Diamond, Rash, Leslie & Smith, a predecessor firm to Diamond, Rash, Gordon & Jackson, P.C. The lease contained no obligation for the PSB to provide continued rail service to the property. The two law firms, along with Rash individually, are defendants/appellees here.

In 1990, Andrews requested that Alan Rash negotiate with the Public Service Board to restore rail service or reduce his lease payments. Another partner in the law firm had been appointed to the PSB, however, and Rash informed Andrews that he could not represent him in the matter because it would be a conflict of interest. On October 10, 1990, Andrews met with Rash a second time and expressed his dissatisfaction with the firm's representation. Specifically, Andrews complained of Rash's failure to include language in the lease insuring continued rail access. In response, Rash sent Andrews a letter summarizing the meeting and opining that Rash and the firm had acted properly. The letter advised Andrews that he should contact a lawyer if he felt he had a claim against Rash and his firm.

Andrews unsuccessfully negotiated with the PSB in an effort to have his rent reduced or his rail siding restored. Unable to generate the cash flow needed to make the lease payments, he fell into arrears and the PSB instituted eviction proceedings. Andrews hired attorneys Enrique Cuellar, Randy Bullis, and Luther Jones to represent him in the eviction. Following eviction, he hired attorney Steve Hines to file a malpractice claim against Cuellar, Bullis, and Jones.

Andrews filed Chapter 11 bankruptcy proceedings on July 7, 1992. In his original plan of reorganization, as partial means of generating periodic payments to creditors, he listed "the malpractice action ... against Luther Jones, Randy Bullis, and Enrique Cuellar" as well as a damage action against the PSB, but did not list any claim against Rash or his partnership. In his first amended plan of reorganization, he listed:

The legal malpractice action which the Debtor presently has pending against those attorneys whose services he enlisted, prior to bankruptcy, to defend and assert his leasehold rights against The City of El Paso, Public Service Board.

In his first amended plan of reorganization as modified after disclosure statement hearing, Andrews listed specifically his malpractice action pending against Jones, Bullis, and Cuellar, but mentioned nothing about Rash or his law firm. In his first amended plan of

reorganization as modified prior to confirmation hearing, Andrews listed "the legal malpractice actions which the Debtor presently has pending with regard to his lease of lands from the Public Service Board." In his first amended disclosure statement, Andrews listed under "Pending and/or Anticipated Litigation:"

> Outside of the Bankruptcy Court, ANDREWS has pending a legal malpractice claim that is being handled by Mr. Jeffrey Thompson, an Austin attorney, against Mr. Enrique Cuellar, Mr. Randy Bullis and Mr. Luther Jones, and other attorneys who, prior to the initiation of these Chapter 11 proceedings, failed to represent his interests adequately insofar as his leasehold dealings with the PSB were concerned.

In January 1994, Andrews made application with the bankruptcy court to employ attorney Jeffrey Thompson, to which he attached an employment contract which contained the following language:

> Client has a significant and valuable suit arising from his employment of and legal representation by certain attorneys, to include but not be limited to the Diamond Rash Law Firm, Tom Diamond, Alan Rash, Larry Baskind, Luther Jones, Randy Bullis and Enrique Cuellar in various matters relating to Client's leases with the Public Service Board in El Paso, Texas, on certain property in El Paso County, Texas, and hereby employs lawyer to handle and prosecute such suit[s]....

The bankruptcy court approved employment of Thompson on January 18, 1994. Thompson represents Andrews in this suit, which was filed July 1, 1994. Defendant lawyers filed a motion for summary judgment on various grounds, which the trial court granted. This appeal follows.

### STANDARD OF REVIEW

In reviewing a grant of summary judgment, we must determine whether the successful movant below carried its burden of demonstrating that there is no genuine issue

of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985). In making this decision, we take all evidence favorable to the non-movant as true, and make every reasonable inference in favor of the non-movant, resolving all doubts in his or her favor. *Id.* at 548–49. Where defendant-movant seeks summary judgment on an affirmative defense, it must prove conclusively all elements of that defense. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); *Duran v. Furr's Supermarkets, Inc.,* 921 S.W.2d 778, 793–94 (Tex.App.—El Paso 1996, writ requested); *Feldman v. Kohler Co.,* 918 S.W.2d 615, 620 (Tex.App.—El Paso 1996, writ denied).

### Judicial Estoppel

■ In Andrews' second point of error, he urges that the trial court erred in granting summary judgment based on the doctrine of judicial estoppel.[1] We agree.

■ Judicial estoppel is a common law principle which precludes a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation. *Brandon v. Interfirst Corp.,* 858 F.2d 266, 268 (5th Cir. 1988); *In re Phillips,* 124 B.R. 712, 720 (Bkrtcy.W.D.Tex.1991). The doctrine is designed to protect the integrity of the judicial process by preventing a party from "playing fast and loose" with the courts to suit its own purposes. *Phillips,* 124 B.R. at 720; *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166 (4th Cir.1982). Judicial estoppel most clearly applies where a party attempts to contradict its own sworn statements made in prior litigation. *In re Ellington,* 151 B.R. 90, 97 (Bkrtcy.W.D.Tex.1993); *Phillips,* 124 B.R. at 720. Where sworn statements are at issue, the doctrine serves to uphold the sanctity of the oath, safeguard the administration of justice, and preserve the public confidence in

---

1. Both parties have briefed this issue applying federal bankruptcy law. We agree that this is appropriate, as this will promote the goal of uniformity and predictability in bankruptcy proceedings.

purity and efficiency of judicial proceedings. *Phillips,* 124 B.R. at 720.[2]

■■■ Under applicable federal law, however, the inconsistency sought to be estopped need not arise from a sworn statement. *Id.* In this arena, judicial estoppel requires only that a party take an affirmative position which is successfully maintained in the earlier proceeding, and which is contrary to that which it now seeks to invoke. *Id.* The essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage. The primary purpose of the doctrine is not to protect litigants, but rather the integrity of the judiciary. *Brandon v. Interfirst Corp.,* 858 F.2d 266, 268 (5th Cir.1988). Thus, judicial estoppel does not require reliance or prejudice before a party may invoke it.

■■ Courts have never reduced this doctrine to a clearly defined principle, and have traditionally applied it with caution. *Ellington,* 151 B.R. at 97. It is not to be invoked where the strictures of the doctrine will subvert the purpose of the rule. *Id.*

Applying these principles, we cannot conclude that Andrews is "playing fast and loose" with the courts, nor otherwise manipulating the justice system in a manner which should trigger judicial estoppel. We cannot see that Andrews has taken any affirmative position in bankruptcy court contrary to that which he takes in the case before us, and this case does not present a situation where inconsistent results will ensue if estoppel is not imposed. Andrews sought leave of the bankruptcy court to hire an attorney specifically to bring this action; the bankruptcy court gave him permission to do so. Andrews is obligated by his reorganization plan and disclosure statement to pay half of any proceeds

obtained from this suit to his creditors. We decline to hold that Andrews is precluded from bringing the suit simply because he did not formally list the names of Alan Rash and his various law firms in disclosure statements or reorganization plans. Andrews has gained no advantage by the vague, but identifiable, way he referred to his malpractice claim against defendants in his disclosure and reorganization plans: the bankruptcy court was fully aware that he had hired an attorney to pursue this claim, and Andrews must share any proceeds from this suit with his creditors.

For these reasons, we believe the instant case is distinguishable from those relied upon by defendant lawyers. In those cases, it appears that no reference was made to a known claim before the completion of bankruptcy proceedings. *See Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 417 (3rd Cir.1988)(where debtor failed to disclose counterclaim against the very bank whose acts led to bankruptcy, "the silence ... is deafening"); *Southmark Corp. v. Trotter, Smith & Jacobs,* 212 Ga.App. 454, 442 S.E.2d 265, 267 (1994)(where there was no reference to any claim against defendants, no later assertion of those claims would be allowed); *Hyre v. Denise,* 214 Ga.App. 552, 449 S.E.2d 120, 125 (1994)(Georgia court applies *Southmark* without discussion); *but see Cleasby v. Security Federal Savings Bank,* 243 Mont. 306, 794 P.2d 697, 700–01 (1990)(claim not included in disclosure statement, but listed in schedule of assets, was judicially estopped). Here, we discern no deliberate attempt to circumvent the judicial process, to play fast and loose with the courts, or to preserve a cause of action free of the claims of creditors. Point of Error Two is sustained.

---

**2.** Indeed, Texas courts have modified the general rule by applying judicial estoppel only where the statement in a prior proceeding is sworn. *Long v. Knox,* 155 Tex. 581, 291 S.W.2d 292, 295 (1956); *Aetna Life Ins. Co. v. Wells,* 557 S.W.2d 144, 147 (Tex.Civ.App.—San Antonio 1977), *writ ref'd n.r.e., improvidently granted,* 566 S.W.2d 900 (Tex.1978). The elements of judicial estoppel under Texas state law are: (1) a sworn, prior inconsistent statement made in a judicial proceeding; (2) which was successfully maintained in the prior proceeding; (3) not made inadver-

tently or by mistake, or pursuant to fraud or duress; and (4) which is deliberate, clear, and unequivocal. *Long,* 291 S.W.2d at 295; *Huckin v. Joseph P. Connor and Stern, Flanz, Carnley and Wilson, P.C.,* 928 S.W.2d 180, 182–83 (Tex. App.—Houston [14th Dist.1996], no writ). Under Texas law, therefore, judicial estoppel could not apply here because no statement relied upon by appellees was sworn. Even were we to conclude that state law applied rather than federal bankruptcy law, therefore, the result would be the same.

### Statute of Limitations

In his first and fourth points of error, Andrews claims the trial court erred in granting Diamond Rash's motion for summary judgment based on limitations. We agree.

Andrews discovered Diamond Rash's alleged malpractice no later than October 12, 1990. Applying the two-year statute of limitations, and viewing the evidence in the light most favorable to Andrews, he had until October 11, 1992 to file a claim against the lawyers. On July 7, 1992, however, he filed for bankruptcy protection and an order for relief was entered that day. The bankruptcy code provides:

(a) If applicable non-bankruptcy law ... fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief. 11 U.S.C.A. § 108(a)(West 1993).

The debtor, as well as the trustee, is entitled to rely upon this tolling provision. *Southwestern Gas Pipeline, Inc. v. Scaling,* 870 S.W.2d 180, 186 (Tex.App.—Fort Worth 1994, writ denied). Thus, Andrews argues he had until July 6, 1994 to file his lawsuit. Diamond Rash, on the other hand, urges that Andrews should not receive the benefit of this tolling provision here because he did not list his claim against the law firm in his disclosure statements or reorganization plans presented to the bankruptcy court. Diamond Rash cites no authority supporting this argument, and we have found none.

To the contrary, the purpose of a Chapter 11 proceeding is to give the debtor a breathing spell from paying creditors, providing the debtor with time to restructure. *In re MAI Systems Corp.,* 178 B.R. 50, 56 (Bkrtcy. D.Del.1995). A requirement that debtors raise all potential claims before entry of a confirmation order would restrict the debtor's ability to focus upon restructuring, forcing the debtor to focus attention upon determining all possible causes of action, unrelated to the bankruptcy, upon penalty of losing them forever. *Id.* Neither this court nor the trial court may impose such limitations upon a debtor's statutory rights under the bankruptcy code. *See In re Martin,* 157 B.R. 268, 274 (Bkrtcy.W.D.Va.1993). We therefore conclude that Andrews was entitled to the tolling provided by Section 108(a). To the extent that the trial court's summary judgment relied upon the statute of limitations, we find it was error. Points of Error One and Four are sustained.

### Claim Against Successor Law Firm

In his third point of error, Andrews claims the trial court erred in granting summary judgment to Diamond, Rash, Gordon & Jackson, P.C. That firm successfully maintained in the trial court that it had no attorney-client relationship with Andrews, and therefore could not be liable for legal malpractice.

Andrews is correct in pointing out that the rationale relied upon by the professional corporation DRG & J is different than that pleaded in his petition. There he alleged:

At all times relevant hereto, Defendant RASH was a licensed attorney engaged in the practice of law in El Paso County, Texas, and as such he owed a duty of care to clients to use the degree of care required of an ordinary and prudent attorney under the same or similar circumstances. Defendant RASH at the time of the matters relevant hereto was a general partner in the PARTNERSHIP [Diamond, Rash, Leslie & Smith] law firm. All actions taken by Defendant RASH were taken in the course and scope of his duties as a partner in the PARTNERSHIP. Defendant PARTNERSHIP is liable for the acts of Defendant RASH pursuant to the doctrine of Respondeat Superior. Subsequent to the acts made the subject of this suit, Defendant PARTNERSHIP formed Defendant CORPORATION which is the Successor in Interest to the PARTNERSHIP and has assumed all liabilities of the

PARTNERSHIP, including liability to Plaintiff for the actions alleged herein.

The motion for summary judgment addresses only the lack of an attorney-client relationship between Andrews and the professional corporation. It is silent as to plaintiff's allegation that the corporation, as a successor assuming all liabilities of the earlier partnership, is liable to Andrews for any malpractice committed by the partnership. The professional corporation relies upon *Medical Designs, Inc. v. Shannon, Gracey, Ratliff & Miller, L.L.P.*, 922 S.W.2d 626, 628 (Tex. App.—Fort Worth 1996, no writ) to argue that Texas recognizes no successor liability in this situation. We note initially that the *Medical Designs* case differs somewhat from the one before us. There, the plaintiff did not allege that any lawyer employed by the successor law firms committed the alleged malpractice; here, a principal of both the earlier partnership and successor professional corporation is alleged to have acted negligently. We need not decide, however, if this distinction should control the outcome here because, more importantly, a summary judgment can only be granted on grounds raised in the motion. *McConnell v. Southside I.S.D.*, 858 S.W.2d 337 (Tex.1993); *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex.1983). If a summary judgment grants greater relief than that requested in the motion, it must be reversed. *Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex. 1993). Because defendants' motion did not address the issue of successor liability, summary judgment cannot be sustained on the ground. Point of Error Three is sustained.

## CONCLUSION

The summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.