**Jimmy Maurice CLEAVER, Appellant,**

v.

**Sally Susan Staton CLEAVER, Appellee.**

**No. 12–03–00427–CV.**

Court of Appeals of Texas, Tyler.

June 23, 2004.

John S. Ament, Jacksonville, for appellant.

Thomas H. Buchanan, for appellee.

Panel consisted of GRIFFITH, J. and DeVASTO, J.

## OPINION

SAM GRIFFITH, Justice.

Appellant Jimmy Maurice Cleaver ("Jimmy") appeals the summary judgment granted in favor of Appellee Sally Susan Staton Cleaver ("Sally"). In his sole issue on appeal, Jimmy contends that the trial court erred in granting Sally's motion for summary judgment based on judicial estoppel. We affirm.

### BACKGROUND

Jimmy and Sally were divorced on April 12, 1994. In a prior appeal to this court, Jimmy contested the trial court's characterization that Sally's income from a testamentary trust, the Sally Staton Trust (the "Trust"), was not community property. *Cleaver v. Cleaver*, 935 S.W.2d 491, 492 (Tex.App.-Tyler 1996, no writ). In the Trust established by Sally's father's will, "the income of the trust shall be distributed to the beneficiary semi-annually or more often, the time of such payments to be in the sole discretion of my Trustee hereunder" upon Sally reaching twenty-one years of age. *Id.* at 492–93. At the time of the divorce, the trial court found that the Trust held approximately $8,193.74 of undistributed income. We

held that Sally had a present possessory interest in funds that should have been, but had not been, timely distributed to her by the trust, and the income earned on such funds, if any, was the couple's community property. However, no evidence established what part, if any, of these funds was interest earned on trust funds that were distributable to Sally. Therefore, we reversed the judgment of the trial court and remanded for a "determination of the community property interest earned on the funds held in the trust and the amount of [Sally's] separate funds that came into the trust that were commingled with that interest." *Id.* at 492. We instructed the trial court to determine "whether interest was earned on trust funds held but undistributed to the beneficiary/[Sally] in contravention of the trust's terms, the amount of interest earned and the amount, if any, of trust funds commingled with the interest." *Id.* at 497. Otherwise, the judgment of the trial court was affirmed. *Id.*

Subsequently, on December 12, 1997, Jimmy and his new wife, Ginger Carlene Cleaver ("Ginger"), as joint debtors, filed a voluntary petition for bankruptcy with the United States Bankruptcy Court, Eastern District of Texas, Tyler Division, pursuant to Chapter 7 of the Bankruptcy Code. Jimmy and Ginger were required to complete, upon penalty of perjury, a statement of financial affairs, summaries, and schedules. In the statement of financial affairs, Jimmy's divorce action was listed under "[s]uits, executions, garnishments and attachments" as a divorce proceeding with a "remanded" status or disposition. However, Jimmy did not list his divorce action in the accompanying schedules as an asset or, more specifically, as a property settlement, interest in trust, claim, or other personal property. Jimmy and Ginger were discharged in bankruptcy on July 29, 1998.

On September 24, 2003, Sally filed a motion for summary judgment and, as grounds, argued that Jimmy's failure to include his claimed interest in Sally's trust account as an asset in the bankruptcy schedules judicially estopped Jimmy from asserting this claim following his discharge from bankruptcy. Jimmy responded that he disclosed to the bankruptcy court the fact that he had a divorce case and that it had been remanded. On December 1, 2003, the trial court granted Sally's motion for summary judgment. This appeal followed.

### SUMMARY JUDGMENT

Jimmy contends that the trial court erred when it granted Sally's motion for summary judgment because Sally did not conclusively prove all the necessary elements of her defense of judicial estoppel. Further, Jimmy argues that he disclosed the existence of a lawsuit between the two parties in this case to the federal bankruptcy court. However, Sally contends that Jimmy did not disclose the underlying claim of this lawsuit as a potential asset, and is, therefore, judicially estopped from pursuing his underlying claim.

### Applicable Law

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985). To obtain a summary judgment, the movant must either negate at least one element of the nonmovant's theory of recovery, *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996), or plead and conclusively prove each element of an affirmative defense. *Id.; City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). When reviewing a summary judgment, we take as true all evidence favorable to the non-

movant. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

■ In the commencement of a case under the bankruptcy title, an estate is created. 11 U.S.C.A. § 541(a) (West 1993). Such estate is composed of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C.A. § 541(a)(1). The term "all legal or equitable interests" has been defined broadly to include causes of action belonging to the debtor at the inception of the case. *State Farm Life Ins. Co. v. Swift (In re Swift),* 129 F.3d 792, 795 (5th Cir.1997); *Schertz–Cibolo–Universal City, Indep. Sch. Dist. (In re Educators Group Health Trust),* 25 F.3d 1281, 1283 (5th Cir.1994). Further, when a cause of action accrues before the date the bankruptcy petition is filed, the claim is an interest that the debtor possesses when he or she files the bankruptcy petition. *Stewart v. Hardie,* 978 S.W.2d 203, 208 (Tex.App.-Fort Worth 1998, pet. denied).

■ The Bankruptcy Code imposes upon a debtor the express, affirmative duty to disclose all assets, including contingent and unliquidated claims. *Browning Mfg. v. Mims (In re Coastal Plains, Inc.),* 179 F.3d 197, 207–08 (5th Cir.1999). Further, a debtor has an absolute duty to report whatever interests he holds in property, even if he believes the asset is worthless or unavailable to the bankruptcy estate. *Stephenson v. LeBoeuf,* 16 S.W.3d 829, 841 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Stewart,* 978 S.W.2d at 208. This duty is a continuing one, and a debtor is required to disclose all potential causes of action. *Browning Mfg.,* 179 F.3d at 208. "The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding." *Id.* (quoting *Rosenshein v. Kleban,* 918 F.Supp. 98, 104 (S.D.N.Y. 1996)).

■ Judicial estoppel is a common law principle that precludes a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation. *Andrews v. Diamond, Rash, Leslie & Smith,* 959 S.W.2d 646, 649 (Tex.App.-El Paso 1997, writ denied). The purpose of judicial estoppel is to prevent fraud and to uphold the integrity of the judicial process. *In re Estate of Huff,* 15 S.W.3d 301, 308–09 (Tex.App.-Texarkana 2000, no pet.). Further, judicial estoppel is designed to prevent a party from "playing fast and loose" with the courts to suit the party's own purposes. *Stewart,* 978 S.W.2d at 208 (quoting *Ergo Science, Inc. v. Martin,* 73 F.3d 595, 598 (5th Cir.1996)). In other words, it is employed to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage. *Id.*

■ We apply federal bankruptcy law to this issue in order to "promote the goal of uniformity and predictability in bankruptcy proceedings" and to "give the proper effect to the judgment of the bankruptcy court." *Stewart,* 978 S.W.2d at 208 n. 1 (quoting *Andrews,* 959 S.W.2d at 649 n. 1); *see also Dallas Sales Co., Inc. v. Carlisle Silver Co., Inc.,* 134 S.W.3d 928, 931–932 (Tex.App.-Waco 2004, pet. filed); *Thompson v. Continental Airlines,* 18 S.W.3d 701, 703 n. 1 (Tex.App.-San Antonio 2000, no pet.). *But see In re Estate of Loveless,* 64 S.W.3d 564, 579–80 (Tex.App.-Texarkana 2001, no pet.) (declining to apply federal judicial estoppel because federal circuits lack a consensus approach). Under federal law, judicial estoppel applies when a party tries to contradict his or her own sworn statement given in a prior litigation. *Stewart,* 978 S.W.2d at 208. However, in federal law, the inconsistency

sought to be estopped need not arise from a sworn statement. *Andrews,* 959 S.W.2d at 650. Judicial estoppel requires only that a party take an affirmative position that is successfully maintained in the earlier proceeding, and that is contrary to the position it now seeks to invoke. *Id.* In fact, judicial estoppel may be triggered by a party taking a misleading position in a legal proceeding, such as a debtor omitting to disclose an asset in bankruptcy. *Zipp Indus., Inc. v. Ranger Ins. Co.,* 39 S.W.3d 658, 665 (Tex.App.-Amarillo 2001, no pet.) (citing *Stewart,* 978 S.W.2d at 208). Thus, if a party takes an affirmative position in a proceeding and is successful in having the court adopt its position, the party doing so may be judicially estopped from later taking an inconsistent position in that or in another proceeding, even though the prior action is not a sworn declaration. *Id.*

### Analysis

As a debtor, Jimmy had an affirmative duty, under penalty of perjury, to disclose all of his assets to the bankruptcy court, whether contingent or unliquidated. *See Browning Mfg.,* 179 F.3d at 207–208. His assets included any causes of action he had at the commencement of his bankruptcy case. *See State Farm Life Ins. Co.,* 129 F.3d at 795; *Schertz–Cibolo–Universal City, Indep. Sch. Dist.,* 25 F.3d at 1283. This action was commenced before Jimmy's bankruptcy. However, Jimmy simply listed this lawsuit in his statement of financial affairs as a divorce proceeding that had been remanded. Nowhere in the schedules or summaries did Jimmy acknowledge to the bankruptcy court that this lawsuit was a potential asset. In fact, Jimmy's previous appeal to this court resulted in a remand to the trial court to determine the community property interest earned on the funds held in the Trust. If any interest was earned on these funds, this income would be community property, a potential asset of Jimmy's that he was

required to report. *See Browning Mfg.,* 179 F.3d at 207–208. Jimmy's characterization of this lawsuit, under penalty of perjury, was, at the very least, misleading to the bankruptcy court. *See Zipp Indust., Inc.,* 39 S.W.3d at 665.

During his bankruptcy proceeding, Jimmy successfully maintained his position that this lawsuit offered no potential assets. *See id.* Further, by failing to list this action as a potential asset, Jimmy contradicted his statement to the bankruptcy court when he pursued this lawsuit. *See Stewart,* 978 S.W.2d at 208; *Andrews,* 959 S.W.2d at 650. Thus, because he failed to list this lawsuit as a potential asset in bankruptcy and contradicted his position by continuing this action to discover the amount, if any, of the community property interest earned on funds held in the Trust, Jimmy is judicially estopped from pursuing this claim. *See Zipp Indust., Inc.,* 39 S.W.3d at 665; *Stewart,* 978 S.W.2d at 208. Therefore, the trial court did not err in granting Sally's motion for summary judgment. Accordingly, Jimmy's sole issue is overruled.

### DISPOSITION

The judgment of the trial court is *affirmed.*

WORTHEN, C.J., not participating.