NO. 12-03-00427-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


JIMMY MAURICE CLEAVER,                        §     APPEAL FROM THE 369TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

SALLY SUSAN STATON CLEAVER,
APPELLEE                                                        §     CHEROKEE COUNTY, TEXAS





OPINION
            Appellant Jimmy Maurice Cleaver (“Jimmy”) appeals the summary judgment granted in
favor of Appellee Sally Susan Staton Cleaver (“Sally”). In his sole issue on appeal, Jimmy contends
that the trial court erred in granting Sally’s motion for summary judgment based on judicial estoppel.
We affirm.

Background
            Jimmy and Sally were divorced on April 12, 1994. In a prior appeal to this court, Jimmy
contested the trial court’s characterization that Sally’s income from a testamentary trust, the Sally
Staton Trust (the “Trust”), was not community property. Cleaver v. Cleaver, 935 S.W.2d 491, 492
(Tex. App.–Tyler 1996, no writ). In the Trust established by Sally’s father’s will, “the income of
the trust shall be distributed to the beneficiary semi-annually or more often, the time of such
payments to be in the sole discretion of my Trustee hereunder”upon Sally reaching twenty-one years
of age. Id. at 492-93. At the time of the divorce, the trial court found that the Trust held
approximately $8,193.74 of undistributed income. We held that Sally had a present possessory
interest in funds that should have been, but had not been, timely distributed to her by the trust, and
the income earned on such funds, if any, was the couple’s community property. However, no
evidence established what part, if any, of these funds was interest earned on trust funds that were
distributable to Sally. Therefore, we reversed the judgment of the trial court and remanded for a
“determination of the community property interest earned on the funds held in the trust and the
amount of [Sally’s] separate funds that came into the trust that were commingled with that interest.”
Id. at 492. We instructed the trial court to determine “whether interest was earned on trust funds
held but undistributed to the beneficiary/[Sally] in contravention of the trust’s terms, the amount of
interest earned and the amount, if any, of trust funds commingled with the interest.” Id. at 497.
Otherwise, the judgment of the trial court was affirmed. Id. 
            Subsequently, on December 12, 1997, Jimmy and his new wife, Ginger Carlene Cleaver
(“Ginger”), as joint debtors, filed a voluntary petition for bankruptcy with the United States
Bankruptcy Court, Eastern District of Texas, Tyler Division, pursuant to Chapter 7 of the Bankruptcy
Code. Jimmy and Ginger were required to complete, upon penalty of perjury, a statement of financial
affairs, summaries, and schedules. In the statement of financial affairs, Jimmy’s divorce action was
listed under “[s]uits, executions, garnishments and attachments” as a divorce proceeding with a
“remanded” status or disposition. However, Jimmy did not list his divorce action in the
accompanying schedules as an asset or, more specifically, as a property settlement, interest in trust,
claim, or other personal property. Jimmy and Ginger were discharged in bankruptcy on July 29,
1998.
            On September 24, 2003, Sally filed a motion for summary judgment and, as grounds, argued
that Jimmy’s failure to include his claimed interest in Sally’s trust account as an asset in the
bankruptcy schedules judicially estopped Jimmy from asserting this claim following his discharge
from bankruptcy. Jimmy responded that he disclosed to the bankruptcy court the fact that he had a
divorce case and that it had been remanded. On December 1, 2003, the trial court granted Sally’s
motion for summary judgment. This appeal followed.

Summary Judgment
            Jimmy contends that the trial court erred when it granted Sally’s motion for summary
judgment because Sally did not conclusively prove all the necessary elements of her defense of
judicial estoppel. Further, Jimmy argues that he disclosed the existence of a lawsuit between the two
parties in this case to the federal bankruptcy court. However, Sally contends that Jimmy did not
disclose the underlying claim of this lawsuit as a potential asset, and is, therefore, judicially estopped
from pursuing his underlying claim.
Applicable Law
            The movant for summary judgment has the burden of showing that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co.,
Inc., 690 S.W.2d 546, 548 (Tex. 1985). To obtain a summary judgment, the movant must either
negate at least one element of the nonmovant’s theory of recovery, Walker v. Harris, 924 S.W.2d
375, 377 (Tex. 1996), or plead and conclusively prove each element of an affirmative defense. Id.;
City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979). When
reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). We indulge every reasonable inference
and resolve any doubts in the nonmovant’s favor. Id.
            In the commencement of a case under the bankruptcy title, an estate is created. 11 U.S.C.A.
§ 541(a) (West 1993). Such estate is composed of all legal or equitable interests of the debtor in
property as of the commencement of the case. 11 U.S.C.A. § 541(a)(1). The term “all legal or
equitable interests” has been defined broadly to include causes of action belonging to the debtor at
the inception of the case. State Farm Life Ins. Co. v. Swift (In re Swift), 129 F.3d 792, 795 (5th
Cir. 1997); Schertz-Cibolo-Universal City, Indep. Sch. Dist. (In re Educators Group Health
Trust), 25 F.3d 1281, 1283 (5th Cir. 1994). Further, when a cause of action accrues before the date
the bankruptcy petition is filed, the claim is an interest that the debtor possesses when he or she files
the bankruptcy petition. Stewart v. Hardie, 978 S.W.2d 203, 208 (Tex. App.–Fort Worth 1998, pet.
denied).
            The Bankruptcy Code imposes upon a debtor the express, affirmative duty to disclose all
assets, including contingent and unliquidated claims. Browning Mfg. v. Mims (In re Coastal
Plains, Inc.), 179 F.3d 197, 207-08 (5th Cir. 1999). Further, a debtor has an absolute duty to report
whatever interests he holds in property, even if he believes the asset is worthless or unavailable to
the bankruptcy estate. Stephenson v. LeBoeuf, 16 S.W.3d 829, 841 (Tex. App.–Houston [14th
Dist.] 2000, pet. denied); Stewart, 978 S.W.2d at 208. This duty is a continuing one, and a debtor
is required to disclose all potential causes of action. Browning Mfg., 179 F.3d at 208. “The courts
will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims
exist and then subsequently to assert those claims for his own benefit in a separate proceeding.” Id.
(quoting Rosenshein v. Kleban, 918 F.Supp. 98, 104 (S.D.N.Y. 1996)).
            Judicial estoppel is a common law principle that precludes a party from asserting a position
in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation.
Andrews v. Diamond, Rash, Leslie & Smith, 959 S.W.2d 646, 649 (Tex. App.–El Paso 1997, writ
denied). The purpose of judicial estoppel is to prevent fraud and to uphold the integrity of the
judicial process. In re Estate of Huff, 15 S.W.3d 301, 308-09 (Tex. App.–Texarkana 2000, no pet.).
Further, judicial estoppel is designed to prevent a party from “playing fast and loose” with the courts
to suit the party’s own purposes. Stewart, 978 S.W.2d at 208 (quoting Ergo Science, Inc. v. Martin,
73 F.3d 595, 598 (5th Cir. 1996)). In other words, it is employed to prevent the use of intentional
self-contradiction as a means of obtaining unfair advantage. Id. 
            We apply federal bankruptcy law to this issue in order to “promote the goal of uniformity and
predictability in bankruptcy proceedings” and to “give the proper effect to the judgment of the
bankruptcy court.” Stewart, 978 S.W.2d at 208 n.1 (quoting Andrews, 959 S.W.2d at 649 n.1); see
also Dallas Sales Co., Inc. v. Carlisle Silver Co., Inc., No. 10-00-00077-CV, 2004 WL 1177193
at *2 (Tex. App.–Waco May 26, 2004, pet. filed); Thompson v. Continental Airlines, 18 S.W.3d
701, 703 n.1 (Tex. App.–San Antonio 2000, no pet.). But see In re Estate of Loveless, 64 S.W.3d
564, 579-80 (Tex. App.–Texarkana 2001, no pet.) (declining to apply federal judicial estoppel
because federal circuits lack a consensus approach). Under federal law, judicial estoppel applies
when a party tries to contradict his or her own sworn statement given in a prior litigation. Stewart,
978 S.W.2d at 208. However, in federal law, the inconsistency sought to be estopped need not arise
from a sworn statement. Andrews, 959 S.W.2d at 650. Judicial estoppel requires only that a party
take an affirmative position that is successfully maintained in the earlier proceeding, and that is
contrary to the position it now seeks to invoke. Id. In fact, judicial estoppel may be triggered by a
party taking a misleading position in a legal proceeding, such as a debtor omitting to disclose an
asset in bankruptcy. Zipp Indus., Inc. v. Ranger Ins. Co., 39 S.W.3d 658, 665 (Tex.
App.–Amarillo 2001, no pet.) (citing Stewart, 978 S.W.2d at 208). Thus, if a party takes an
affirmative position in a proceeding and is successful in having the court adopt its position, the party
doing so may be judicially estopped from later taking an inconsistent position in that or in another
proceeding, even though the prior action is not a sworn declaration. Id. 
Analysis
            As a debtor, Jimmy had an affirmative duty, under penalty of perjury, to disclose all of his
assets to the bankruptcy court, whether contingent or unliquidated. See Browning Mfg., 179 F.3d
at 207-208. His assets included any causes of action he had at the commencement of his bankruptcy
case. See State Farm Life Ins. Co., 129 F.3d at 795; Schertz-Cibolo-Universal City, Indep. Sch.
Dist., 25 F.3d at 1283. This action was commenced before Jimmy’s bankruptcy. However, Jimmy
simply listed this lawsuit in his statement of financial affairs as a divorce proceeding that had been
remanded. Nowhere in the schedules or summaries did Jimmy acknowledge to the bankruptcy court
that this lawsuit was a potential asset. In fact, Jimmy’s previous appeal to this court resulted in a
remand to the trial court to determine the community property interest earned on the funds held in
the Trust. If any interest was earned on these funds, this income would be community property, a
potential asset of Jimmy’s that he was required to report. See Browning Mfg., 179 F.3d at 207-208.
Jimmy’s characterization of this lawsuit, under penalty of perjury, was, at the very least, misleading
to the bankruptcy court. See Zipp Indust., Inc., 39 S.W.3d at 665. 
            During his bankruptcy proceeding, Jimmy successfully maintained his position that this
lawsuit offered no potential assets. See id. Further, by failing to list this action as a potential asset,
Jimmy contradicted his statement to the bankruptcy court when he pursued this lawsuit. See Stewart,
978 S.W.2d at 208; Andrews, 959 S.W.2d at 950. Thus, because he failed to list this lawsuit as a
potential asset in bankruptcy and contradicted his position by continuing this action to discover the
amount, if any, of the community property interest earned on funds held in the Trust, Jimmy is
judicially estopped from pursuing this claim. See Zipp Indust., Inc., 39 S.W.3d at 665; Stewart, 978
S.W.2d at 208. Therefore, the trial court did not err in granting Sally’s motion for summary
judgment. Accordingly, Jimmy’s sole issue is overruled.

Disposition

            The judgment of the trial court is affirmed.
                                                                                                     SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered June 23, 2004.
Panel consisted of Griffith, J. and DeVasto, J.
Worthen, C.J., not participating.
 
 
(PUBLISH)




 
 
 
 
 




COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
JUDGMENT
 
JUNE 23, 2004
 
NO. 12-03-00427-CV
 
JIMMY MAURICE CLEAVER,
Appellant
V.
SALLY SUSAN STATON CLEAVER,
Appellee





 Appeal from the 369th Judicial District Court
 of Cherokee County, Texas. (Tr.Ct.No. 92-4-00212)
 

 

 
 
                                    THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this Court that there was no error in the judgment.
                                    It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below Be In All Things Affirmed and that all costs of this appeal are hereby
adjudged against the appellant, Jimmy Maurice Cleaver for which execution may issue, and that
this decision be certified to the court below for observance.
                                    Sam Griffith, Justice.
                                    Panel consisted of Griffith, J., and DeVasto, J.
                                           Worthen, C.J., not participating.

THE STATE OF TEXAS
M A N D A T E
TO THE 369TH JUDICIAL DISTRICT COURT OF CHEROKEE COUNTY, GREETINGS:
 
            Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 23rd
day of June, 2004, the cause upon appeal to revise or reverse your judgment between
 
JIMMY MAURICE CLEAVER, Appellant
 
NO. 12-03-00427-CV and Tr. Ct. Case Number 92-4-00212
 
Opinion by Justice Sam Griffith.
 
SALLY SUSAN STATON CLEAVER, Appellee

was determined; and therein our said Court made its order in these words:
            THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this Court that there was no error in the judgment.

            It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
Be In All Things Affirmed and that all costs of this appeal are hereby adjudged against the
appellant, Jimmy Maurice Cleaver for which execution may issue, and that this decision be
certified to the court below for observance.

            WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.

            WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.
 



                                    CATHY S. LUSK, CLERK
 
 
                                    By:_______________________________
                                         Deputy Clerk