COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 VINCENT G. GARCIA,
  
                                    
 Appellant,
  
 v.
  
 BNSF RAILWAY COMPANY,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-10-00212-CV
  
                          Appeal from
  
 365th District
 Court
  
 of Maverick County,
 Texas
  
 (TC #
 08-06-23643-MCVAJA)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

            Vincent G. Garcia appeals from a
summary judgment granted in favor of BNSF Railway Company.  For the reasons that follow, we affirm.

FACTUAL SUMMARY

            On June 20, 2008, Garcia filed suit
against BNSF under the Federal Employer’s Liability Act (FELA) alleging he
suffered an on-the-job injury in March 2008. 
The suit sought damages within the jurisdictional limits of the court
for pain and suffering, mental anguish, lost wages, and medical expenses.  On February 3, 2009, Garcia filed a Chapter
13 bankruptcy petition in federal court. 
He also filed a Schedule of Personal Property in which he disclosed that
he had a claim against BNSF for wrongful termination valued at $192,000.  But he failed to disclose his personal injury
suit.  On February 20, 2009, Garcia filed
a Statement of Financial Affairs with the bankruptcy court which, among other
things, required him to list “all suits and administrative proceedings to which
the debtor is or was a party within one year immediately preceding the filing
of this bankruptcy case.”  The Statement
of Financial Affairs required Garcia to disclose the caption of the suit and
case number, the nature of the proceedings, the court or agency and location,
and the status or disposition of the case. 
Garcia disclosed that he had filed a personal injury suit against
Penoles Chemical in Maverick County and the case had been settled in 2008.  He again failed to disclose his pending
personal injury suit against BNSF.  On
February 20, 2009, Garcia filed his Chapter 13 plan which established a monthly
payment of $640 per month for sixty months.  


            At the first meeting of creditors on
March 25, 2009, Garcia advised he could not work due to a leg injury and the
trustee asked Garcia whether his failure to make the first payment was because
he was not working.  Garcia explained
that he did not know he was supposed to make the payment in the form of a money
order.  When asked whether he had
reviewed all of the bankruptcy documents before filing, Garcia testified that
he had and that everything was true and correct to the best of his
knowledge.  Even though he had just
testified about his leg injury and his suit against BNSF for wrongful
termination, he told the trustee that no changes needed to be made to the
petition.  The trustee also informed
Garcia that one of his creditors had brought an arrearage claim that made his
proposed plan infeasible such that his payment would be $1,661 instead of $640.
On May 5, 2009, the bankruptcy court dismissed Garcia’s bankruptcy case because
he had failed to obtain confirmation.  In
his motion to reconsider, Garcia  claimed
he could not obtain confirmation because he had been temporarily unemployed and
could not make the payments.  But his
circumstances had since changed and he could now meet his obligations.  The federal court denied the motion.

            On September 14, 2009, BNSF filed a
motion for summary judgment on the ground of judicial estopped because Garcia
had not disclosed his personal injury claim in the bankruptcy proceedings.  Garcia filed a second petition for Chapter 13
bankruptcy on December 1, 2009, and he listed a “pending lawsuit with railroad”
on Schedule B.  In his summary judgment response,
Garcia asserted that his failure to include his personal injury suit was
inadvertent and he had not adopted a clearly inconsistent position to gain an
unfair advantage by non-disclosure.  He
also maintained that he had not prevailed in his bankruptcy proceeding because his
petition was involuntarily dismissed.  In
his affidavit attached to the summary judgment response, Garcia averred that he
did not understand that his pending lawsuit should have been listed under
contingent assets, but that he made his bankruptcy attorney aware of the suit
after counsel had prepared the petition. 
But his summary judgment response did not include any evidence that he
had filed a second bankruptcy petition which listed the suit against BNSF as a
claim.  The trial court granted BNSF’s
motion for summary judgment on April 1, 2010. 


            On May 3, 2010, Garcia filed an
unverified motion for new trial alleging he had “newly discovered evidence” that
his claim had been listed in the bankruptcy filings.  The motion stated that a copy of the filing
was attached as Exhibit A, but the motion had no attachments.  Garcia filed an amended motion for new trial
on May18, 2010 which included a copy of the Chapter 13 bankruptcy petition
filed by Garcia on December 1, 2009.  The
petition included Schedule B which listed a “pending lawsuit with railroad” as
a contingent and unliquidated claim.  At
the hearing on the motion for new trial, the court concluded that it did not
have jurisdiction to consider the matters raised by the amended motion for new
trial because it was not filed within thirty days after the judgment.  




JUDICIAL ESTOPPEL

            In his sole issue for review, Garcia
contends that the trial court erred by granting summary judgment on the ground
of judicial estoppel because BNSF failed to conclusively establish each element
of the defense.

Standard of Review

            We review the trial court’s grant of
a summary judgment de novo.  Ferguson
v. Building  Materials Corporation of
America, 295 S.W.3d 642, 644 (Tex. 2009).  In reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant. 
Sudan v. Sudan, 199 S.W.3d
291, 292 (Tex. 2006)(per curiam). 
Further, we indulge every reasonable inference and resolve any doubts in
the nonmovant’s favor.  Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 157 (Tex. 2004).  The scope of our review is limited to the summary
judgment record upon which the trial court’s ruling was based.  Young v.
Gumfory, 322 S.W.3d 731, 738 (Tex.App.--Dallas 2010, no pet.).

The movant for traditional summary judgment has
the burden of showing that there is no genuine issue of material fact and that
it is entitled to judgment as a matter of law.  Tex.R.Civ.P.
166a(c); Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  A defendant moving for summary judgment based
on an affirmative defense must conclusively prove all of the elements of the
affirmative defense.  Frost National Bank v. Fernandez, 315
S.W.3d 494, 508 (Tex. 2010); KPMG Peat
Marwick v. Harrison County Housing Finance Corporation, 988 S.W.2d 746, 748
(Tex. 1999).

Elements of Judicial Estoppel

Both parties have briefed the judicial estoppel issue based on federal
law.  Garcia filed suit in state court
against BNSF under FELA.  Accordingly, we
will apply federal law when examining whether BNSF established its right to
summary judgment on the affirmative defense of judicial estoppel.  See
Mitchell v. Missouri-Kansas-Texas R.R. Co., 786 S.W.2d 659, 661-62 (Tex.
1990)(“While federal law governs the substantive rights of the parties in FELA
cases, procedural matters are governed by applicable state rules when tried in
state court.”), overruled on other
grounds, Union Pacific R.R. Co. v. Williams, 85 S.W.3d 162, 169 (Tex.
2002).[1]

Judicial
estoppel is a common law doctrine utilized to prevent a party from asserting a
claim in a legal proceeding that is inconsistent with position taken by that
party in a previous proceeding.  See New Hampshire v. Maine, 532 U.S.
742, 749, 121 S.Ct. 1808, 1814, 149 L.Ed.2d 968 (2001); In re Coastal Plains, Inc., 179 F.3d
197, 205 (5th Cir. 1999).  The purpose of
the doctrine is to protect the integrity of the judicial process by preventing
parties from playing fast and loose with the courts to suit the exigencies of
self-interest.  Coastal Plains, 179 F.3d at 205. 
The Fifth Circuit has identified three elements that must be satisfied
in order for judicial estoppel to apply in a case where the prior statement was
made in a bankruptcy proceeding:  (1) the
party’s position is clearly inconsistent with the previous one; (2) the court
accepted the previous position; and (3) the non-disclosure was not
inadvertent.  Kane v. National Union Fire Insurance Company, 535 F.3d 380, 385-86
(5th Cir. 2008); Coastal Plains, 179
F.3d at 205.

Clearly Inconsistent Statement

The Bankruptcy Code imposes a duty on a debtor to disclose all assets
including contingent and unliquidated claims. 
11 U.S.C. §521(a)(1)(West
Supp. 2011); Coastal Plains, 179 F.3d
at 207-08.  A debtor’s duty to disclose
is a continuing duty and requires that the debtor disclose all potential causes
of action.  Id.  The evidence
conclusively establishes that Garcia did not disclose the personal injury suit
against BNSF in the Schedule of Personal Property or the Statement of Financial
Affairs.  Thus, BNSF met its burden of
establishing that Garcia took a clearly inconsistent position in the bankruptcy
proceeding.

Acceptance by the Bankruptcy Court

The Supreme Court has noted that courts regularly inquire whether the
party has succeeded in persuading a court to accept that party’s earlier
position, so that judicial acceptance of an inconsistent position in a later
proceeding would create the perception that either the first or the second
court was misled.  New Hampshire v. Maine, 532 U.S. at 750, 121 S.Ct. at 1815.  The
Fifth Circuit recently characterized “the contours of [its] judicial-acceptance
requirement as vague”, but noted that it had usually required that the prior
court actually accept the party’s earlier position either as a preliminary
matter or as part of a final disposition. 
Hopkins v. Cornerstone America,
545 F.3d 338, 348 n.2 (5th Cir. 2008).  The court observed that the Supreme Court
appeared to approve of this actual-acceptance approach in the New Hampshire decision.  Id.

Garcia contends that the bankruptcy court never accepted his
non-disclosure because the court dismissed his bankruptcy proceeding when he
failed obtain confirmation of his plan. 
BNSF counters that the bankruptcy trustee accepted the non-disclosure
when it entered a payment plan based on the assets Garcia represented were part
of his bankruptcy estate.  

            At the first meeting of creditors on
March 25, 2009, Garcia told the trustee in response to direct questioning that
he had reviewed all of the bankruptcy documents prior to filing and they were
true and correct to the best of his knowledge. 
He also told her that no changes needed to be made.  The trustee informed Garcia that one of his
creditors had brought an arrearage claim that made his proposed plan infeasible
with the result that his payment would not be at the proposed amount of $640
but would be $1,661.  This is evidence
that the trustee accepted Garcia’s representation regarding his assets as a
preliminary matter because the trustee formulated a new payment amount.  See
Brown v. Swett & Crawford of Texas,
Inc., 178 S.W.3d 373 (Tex.App.--Houston [1st Dist.] 2005, no pet.)(where
plaintiff sued former employer to recover of $79,000 bonus, defendant raised
judicial estoppel because plaintiff had failed to include claim as an asset;
court of appeals rejected plaintiff’s argument that bankruptcy court did not
accept his prior position because the court dismissed the bankruptcy petition;
court of appeals concluded that bankruptcy court accepted debtor’s position
that he had assets under $50,000 because the trustee concluded that there were
no assets to administer for the benefit of the creditors of the bankruptcy
estate).  We conclude that BNSF
conclusively established this element.

Non-Disclosure was not Inadvertent

            The debtor’s failure to satisfy its
statutory disclosure duty is inadvertent only when the debtor either lacks
knowledge of the undisclosed claims or has no motive for their
concealment.  Coastal Plains, 179 F.3d at 210.  It is undisputed that Garcia had knowledge of
his claim because he filed suit several months before he filed his bankruptcy
petition.  Garcia claims that he informed
his attorney about the personal injury suit and the attorney failed to include
it in the bankruptcy documents.  He also
asserts that he called his attorney several times to call this issue to his
attention, yet Garcia told the trustee at the first meeting of creditors that
he had reviewed the bankruptcy documents and they were correct to the best of
his knowledge.  He did not mention the
existence of the personal injury suit at any point during the first meeting of
creditors even though Garcia knew it had not been disclosed.

            Garcia also had a motive for
concealment because he would “reap a windfall” if he recovered on the claim
without having it disclosed to his creditors. 
In re Superior Crewboats, Inc.,
374 F.3d 330, 336 (5th Cir. 2004)(debtors had motivation to conceal claim
because they would have received a windfall if they had been able to recover on
claim without having disclosed it to their creditors).  There is evidence in the record supporting an
inference that Garcia understood the significance of not disclosing the
claim.  Garcia disclosed his claim
against BNSF for wrongful termination but listed it as exempt property.  At the first meeting of creditors, the
trustee informed Garcia that the claim was not exempt so in the event he
prevailed anything he received would come into the plan and would “add to your
base.”  Garcia stated:  “Okay. 
So then, I would be entitled to absolutely nothing is what you’re
saying.”  We conclude that the summary
judgment evidence established that Garcia’s failure to disclose his personal
injury claim was not inadvertent.  We
overrule Garcia’s sole issue and affirm the trial court’s judgment. 

 

February 22, 2012                               ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 











[1]  Under state
law, the elements of judicial estoppel are (1) a sworn, inconsistent statement
made in a prior judicial proceeding; (2) the successful maintenance of the
contrary position in the prior action; (3) the absence of inadvertence,
mistake, fraud, or duress in the making of the prior statement; and (4) the
statement was deliberate, clear, and unequivocal.  Pagosa
Oil and Gas, L.L.C. v. Marrs and Smith Partnership, 323 S.W.3d 203, 218
(Tex.App.--El Paso 2010, pet. denied); Andrews
v. Diamond, Rash, Leslie & Smith, 959 S.W.2d 646, 650 n.2 (Tex.App.--El
Paso 1997, writ denied); Huckin v. Joseph
P. Connor and Stern, Flanz, Carnley and Wilson, P.C., 928 S.W.2d 180,
182-83 (Tex.App.--Houston [14th Dist. 1996], no writ).  In Ferguson v. Building Materials Corporation
of America, 276 S.W.3d 45, 49 (Tex.App.--El Paso 2008), rev’d, 295 S.W.3d 642 (Tex. 2009), we applied
federal law because judicial estoppel had been raised against a party who made
an inconsistent statement in a prior bankruptcy proceeding.  Several other intermediate appellate courts
have likewise applied federal law to the issue. 
See e.g., Bailey v. Barnhart Interest, Inc., 287 S.W.3d 906, 910
(Tex.App.--Houston [14th Dist.] 2009, no pet.); Jackson v. Hancock & Canada, L.L.P., 245 S.W.3d 51, 55-57 (Tex.App.--Amarillo
2007, pet. denied); Cricket
Communications, Inc. v. Trillium Industries, Inc.. 235 S.W.3d 298, 304
(Tex.App.--Dallas 2007, no pet.); Brown
v. Swett & Crawford of Texas, Inc., 178 S.W.3d 373, 380-81
(Tex.App.--Houston [1st Dist.] 2005, no pet.); Cleaver v. Cleaver, 140 S.W.3d 771, 774-75 (Tex.App.--Tyler 2004,
no pet.); Dallas Sales Company, Inc. v.
Carlisle Silver Company, Inc., 134 S.W.3d 928, 931-33 (Tex.App.--Waco 2004,
pet. denied); Thompson v. Continental
Airlines, 18 S.W.3d 701, 703-05 (Tex.App.--San Antonio 2000, no pet.).  In reversing
our decision in Ferguson, the Texas
Supreme Court did not expressly disapprove of our application of federal law,
but the Court restricted its analysis to the elements of judicial estoppel as
stated in Pleasant Glade Assembly of God
v. Schubert, 264 S.W.3d 1 (Tex. 2008) and Long v. Knox, 155 Tex. 581, 291 S.W.2d 292, 295 (1956).  Ferguson,
295 S.W.3d at 643-44.  In the instant
case, however, we are applying federal substantive law because Garcia filed
suit under FELA in state court, not because he made the prior statement in a
bankruptcy proceeding.